UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TEKISHA GRAY | * | CIVIL ACTION: 13-2805 |
| | * | |
| VERSUS | * | JUDGE:  BERRIGAN |
| | * | |
| STATE FARM MUTUAL | * | SECTION: "C" (4) |
| AUTOMOBILE INSURANCE | * | |
| COMPANY AND GARY DILDY | * | MAGISTRATE: |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF JURISDICTIONAL AMOUNT

MAY IT PLEASE THE COURT:

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), submits this Memorandum in response to the Court's Order directing the parties to file memoranda on the issue of whether the jurisdictional amount existed at the time of removal.

Subject to specific exceptions not here relevant, Louisiana prohibits a plaintiff from alleging or demanding a specific dollar amount of damages, limiting the pray for relief to "such damages as are reasonable in the premises." La. Code Civ. Proc. Ann. Art. 893(A)(1).  To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, Louisiana federal courts have modified the usual rule for determining whether the amount in

controversy is present. In such Louisiana situations, federal courts permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F. 3d 720, 723 (5th Cir. 2002); *DeAguilar v. Boeing Co.*, 47 F. 3d 1404, 1409, 1412 (5th Cir. 1995). When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995).

The plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000.00. *DeAguilar*, 47 F. 3d at 1412 (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 393 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). This is not a burden-shifting exercise; rather, the "plaintiff must make all information known at the time he files the complaint." *Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F. 3d 867, 868 (5th Cir. 2002), (quoting *DeAguilar*, 47 F. 3d at 1412).

I. **IT IS "FACIALLY APPARENT" FROM PLAINTIFF'S PETITION THE PLAINTIFF'S CLAIMS WILL LIKELY EXCEED $75,000.00**

Here, it is "facially apparent" from Ms. Gray's Petition for Damages that her claims will likely exceed $75,000.00. Ms. Gray alleged in Paragraph 5 of her Petition for Damages that she suffered "severe and disabling" injuries and is entitled to recover "such

damages as are reasonable in the premises" as a result of the August 18, 2012 automobile accident. In Paragraph 2 and in the prayer of her Petition for Damages, Ms. Gray seeks numerous damages from Gary Dildy and his automobile liability insurer, State Farm, which include physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, rental expenses, property damage, loss of use and/or depreciation of vehicle, past and future medical expenses, loss of past and future earnings, loss of future earning capacity, permanent disability of the body, loss of consortium, and loss of enjoyment of life.

In addition to these general damages, Ms. Gray also asks for penalties and attorney's fees. It is well settled that attorney's fees are included in the amount in controversy when assessing the jurisdictional amount if they are provided for by contract or state statute. *Manguno*, 276 F. 3d at 723; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F. 3d 1250, 1253 (5th Cir. 1998); *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F. 2d 534, 537 (5th Cir. 1990). Ms. Gray does not specify the basis for the penalties and attorney's fees. Presumably, she is seeking bad-faith damages against State Farm under LSA-R.S. 22:1892 or LSA-R.S. 22:1973. In addition to her general damage claims, LSA-R.S. 22:1892 would add an amount of fifty percent damages on the amount found to be due by State Farm to Ms. Gray, or one thousand dollars, whichever is greater, together with attorney's fees. LSA-R.S. 22:1973 would add an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

Ms. Gray has not in any way limited the amount of damages she could potentially receive to a sum under this Court's $75,000.00 threshold. According to the Petition for

Damages, Ms. Gray is permanently disabled as a result of her alleged "severe" injuries. Taking into account the types of damages Ms. Gray seeks, combined with her request for penalties and attorney's fees, it is "facially apparent" that the amount in controversy will likely exceed $75,000.00.

## II. ALTERNATIVELY, THE FACTS IN CONTROVERSY SUPPORT A FINDING OF THE REQUISITE AMOUNT

The facts in controversy clearly indicate that Ms. Gray's claims will likely exceed $75,000.00. Ms. Gray's alleged injuries as a result of the August 8, 2012 accident include disc bulging at L4-5, C4-5, C5-6 and a disc herniation at L5-S1.[1] In addition, the radiologist who performed Ms. Gray's lumbar and cervical MRIs on December 14, 2012 has recommended a neurosurgical consultation for her lumbar spine and noted that interventional pain consultation may be beneficial for her cervical spine.[2] Ms. Gray subsequently sought medical treatment with Dr. R. Vaclav Hamsa, an orthopedic surgeon.[3]

As of January 31, 2013, Ms. Gray had already incurred medical expenses in the amount of $2,733.60.[4] Ms. Gray's medical expenses will exceed $2,733.60 because this amount does not include any charges incurred by Ms. Gray for her treatment with Dr. Hamsa.

---

[1] See attached Affidavit of Pamela K. Richard and accompanying letter from plaintiff's attorney dated January 21, 2013 (A-1), attached hereto as Exhibit "A."
[2] See attached Affidavit of Pamela K. Richard and accompanying letter from plaintiff's attorney dated January 21, 2013 (A-1), attached hereto as Exhibit "A."
[3] See attached Affidavit of Pamela K. Richard, attached hereto as Exhibit "A."
[4] See attached Affidavit of Pamela K. Richard and accompanying letter from plaintiff's attorney dated January 21, 2013 (A-1) and medical bill from Clearview Internal Medicine (A-2), attached hereto as Exhibit "A."

The attached medical records indicate that Ms. Gray could require extended medical treatment, which may include pain management, epidural steroid injections, ablations, etc., and she may potentially require surgery in the future for the herniated disc.

Louisiana courts have held that the minimal reasonable award for general damages where the injuries were similar to those sustained by Ms. Gray is between $100,000.00 and $125,000.00. See *Riley v. Winn-Dixie Louisiana, Inc.*, 489 So. 2d 931 (La. App. 5 Cir. 1986) (award of $100,000.00 for a herniated lumbar disc requiring surgery); *Case v. Shelter*, 2010-302 (La. App. 3 Cir. 10/6/10) 48 So. 2d 1196 (award of $100,000.00 for active disc herniation of the lumbar spine with surgical intervention); *Rehm v. Morgan*, 04-344 (La. App. 5 Cir. 10/26/04) 885 So. 2d 687 (award of $100,000.00 for disc herniation in the thoracic spine requiring surgery); *Jackson v. CSX Transportation, Inc.*, 97-0109 (La. App. 4 Cir. 12/23/97) (award of $125,000.00 for ruptured lumbar disc requiring surgery).

Furthermore, Ms. Gray offered to settle her claims against State Farm and Mr. Dildy on January 21, 2013 for State Farm's liability policy limits, which are $250,000.00.[5]

The attached medical records, along with the fact that Ms. Gray is now seeking medical treatment with an orthopedic surgeon and the fact that Ms. Gray offered to settle her claims for State Farm's policy limits of $250,000.00, indicate that Ms. Gray could potentially receive a sum in excess of this Court's $75,000.00 jurisdictional threshold.

---

[5] See Affidavit of Pamela K. Richard and accompanying Certificate of Coverage (A-3), attached hereto as Exhibit "A."

5

her claims for State Farm's policy limits of $250,000.00, indicate that Ms. Gray could potentially receive a sum in excess of this Court's $75,000.00 jurisdictional threshold.

### III. CONCLUSION

It is "facially apparent" from Ms. Gray's Petition for Damages that her claims will likely exceed this Court's $75,000.00 jurisdictional threshold. Alternatively, the facts in controversy also support a finding that Ms. Gray's claims will likely exceed this Court's $75,000.00 jurisdictional threshold. Therefore, State Farm Mutual Automobile Insurance Company, requests that this matter be accepted onto this Court's docket.

Respectfully submitted:

*Pamela K. Richard*

DAVID V. BATT, T.A., #2849
PAMELA K. RICHARD, #25223
LOBMAN, CARNAHAN, BATT,
 ANGELLE & NADER
THE TEXACO CENTER, SUITE 2300
400 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70130
(504) 586-9292   FAX (504) 586-1290

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 27th day of May, 2013, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing same by United States mail, properly addressed, and first class postage prepaid.

*Pamela K. Richard*