UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEKISHA GRAY | CIVIL ACTION |
| VERSUS | NO. 13-2805 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND GARY DILDY | SECTION "C" (4) |

### ORDER

The Court previously ordered briefing on whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 5. Before the Court are memorandum by the parties on this issue. Rec. Docs. 6, 7. Having determined that the defendant has not shown that subject matter jurisdiction exists, this matter is hereby REMANDED to the state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to, nor waive, federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Association Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of

the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), *citing McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert denied*, 459 U.S. 1107 (1983).

Plaintiff filed this suit on April 5, 2013 in the 24th Judicial District Court for the Parish of Jefferson. *Id.* In response to the Court's order that: "Affirmative proof of the amount shall be provided," (Rec. Doc. 5), defendant filed medical records under seal. Rec. Doc. 7-2. The amount affirmed by those records does not exceed $75,000. The Court does not find that plaintiff's prayer for damages makes it "facially apparent" that the claims would exceed $75,000. Defendant argued in its memorandum that Ms. Gray may potentially require surgery in the future. Rec. Doc. 7 at 4. The medical records merely state that plaintiff is advised to seek a neurosurgical consultation, not that she affirmatively may require surgery. Rec. Doc. 7-2. Should Ms. Gray require surgery in the future for the herniated disc, defendant may once again remove the case, and the court will re-consider its jurisdiction.

The Court does not find that the jurisdictional minimum is met. In addition, the court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil* §

3739.

    Accordingly,

    IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

    New Orleans, Louisiana, this 30th day of May, 2013.

                                               **HELEN G. BERRIGAN**
                                               **UNITED STATES DISTRICT JUDGE**